IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY ANTOINE FITTS,<br>Petitioner,<br><br>v.<br><br>GENE M. JOHNSON,<br>Respondent. | Civil Action No. 7:11-cv-00012<br><br>MEMORANDUM OPINION<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Anthony Antoine Fitts, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement under the June 2007 judgment of the Circuit Court for the City of Danville. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants respondent's motion and dismisses the petition.

I.

The Circuit Court of the City of Danville entered petitioner's criminal judgment on June 14, 2007, for first degree murder and the use of a firearm during the murder. Petitioner appealed to the Court of Appeals of Virginia and the Supreme Court of Virginia, which refused his appeal on April 30, 2008. Petitioner did not seek review by the United States Supreme Court.

Petitioner filed a federal petition for a writ of habeas corpus in June 2009 that was dismissed without prejudice in August 2009 for failing to exhaust available state court remedies. Fitts v. Johnson, No. 7:09-cv-00245 (W.D. Va. Aug. 20, 2009). Petitioner subsequently filed his first state habeas petition in September 2009 with the Danville Circuit Court, which dismissed the state habeas petition on November 16, 2009, because that court determined that the petition was untimely filed, pursuant to Virginia Code § 8.01-654(A)(2). Petitioner did not seek further review from the Supreme Court of Virginia. Instead, petitioner filed the instant federal habeas petition on December 21, 2010.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on July 29, 2008, ninety days after the Supreme Court of Virginia refused his appeal. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed). Petitioner filed his first state habeas petition in September 9, 2009, more than twelve months after his conviction became final. See Houston v.

---

[1]The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). Therefore, petitioner's state habeas petition cannot toll the limitation period because no petition was pending in the state courts when the federal limitation period ended.

Petitioner argues that his facility's law library had the mailing address for the Supreme Court of Virginia listed incorrectly as the address for the United States District Court for the Eastern District of Virginia and that his habeas proceedings were delayed because of the error. Even construing this argument as invoking § 2244(d)(1)(B) to start the statute of limitations, the petition would still be untimely. Petitioner was on constructive notice that he mailed the petition to the wrong address after relying on erroneous information posted in the facility's law library once the federal district court issued an order transferring the first federal habeas action. From that time, petitioner had various means to discover with any exercise of due diligence the correct mailing address. However, more than one year elapsed between July 2009 when he received the federal court order and December 2010 when he filed the instant federal habeas petition. Petitioner's untimely state petition and his first federal habeas petition were not properly-filed collateral attacks that warrant tolling the statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (stating a state court's finding that a petitioner untimely filed his state habeas petition does not entitle him to statutory tolling); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore d[oes] not toll the limitation period during the pendency of respondent's first federal habeas petition."). Accordingly, petitioner failed to timely file the instant petition, and the court must dismiss it unless the court equitably tolls the statute of limitations.

Equitable tolling of the § 2244(d) limitations period is available only when the petitioner shows: (1) he pursued his rights diligently; and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner's federal petition was premature as he had not yet sought any state habeas remedy although nearly a year expired before filing his first habeas petition. Furthermore, petitioner's unfamiliarity with habeas remedies is not an adequate reason to grant equitable tolling. Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, the court does not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Petitioner did not promptly correct the alleged error when he mailed his state habeas petition, which was supposed to arrive at the Supreme Court of Virginia, to the Eastern Virginia District Court. The federal court's order that acknowledged its receipt and transferred it to this court was issued in late June 2009. However, petitioner did not promptly refile the petition in state court or request a voluntary dismissal of the federal petition. Petitioner also failed to correct his mistake following this court's June 2009 conditional filing order, despite advising petitioner that the petition appeared untimely. Thus, petitioner did not take any affirmative steps to correct the alleged error and preserve his remedies. See Kansas v. Colorado, 514 U.S. 673, 687 (1995) ("[E]quity aids the vigilant and not those who slumber on their rights.").

Even if the court equitably tolled the month's time between when petitioner allegedly mailed the petition to the wrong court and the date the court notified him of the error, the petition is still untimely. After his first federal habeas petition was dismissed, which does not toll the statute of limitations, petitioner still waited nearly another year between the Danville Circuit Court's habeas dismissal and the instant federal petition. Notably, petitioner still has not presented all of the instant habeas claims to the Supreme Court of Virginia, which would likely now be barred by a procedural default, the state statute of limitations, and the state rule against successive petitions.[2] Even if petitioner cleared those hurdles, any federal habeas application would remain barred by the statute of limitations. Accordingly, the court finds that petitioner filed the instant federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses the habeas petition as untimely filed. Based upon the finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and order to petitioner.

ENTER: This ___ day of April, 2011.

/s/ James C. Turk
Senior United States District Judge

---

[2] Although petitioner argues that he intended to mail the misdirected habeas petition to the Supreme Court of Virginia, he did not file a notice of appeal to the Danville Circuit Court or otherwise seek to appeal that court's denial of his first state habeas petition. Thus, petitioner attempted to file a successive petition directly to the Supreme Court of Virginia.

5